```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA


FELIX CORDERO,                       :
                                     :   No. 4:CV-99-2165
         Plaintiff,                  :
    vs.                              :   Complaint filed 12/15/99
                                     :
BUREAU OF PRISONS, ET AL.,           :   (Judge Muir)
                                     :
         Defendants.                 :   (Magistrate Judge Mannion)
```

<u>ORDER</u>

June 10, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On December 15, 1999, Plaintiff Felix Cordero initiated this action by filing a complaint containing two counts, both of which have been brought pursuant to the Privacy Act, 5 U.S.C. § 552a. Cordero is proceeding *pro se* and *in forma pauperis*.

Cordero alleges that the Federal Bureau of Prisons is maintaining and using inaccurate records to deprive him of opportunities which would otherwise be made available to him. He specifically claims that an inaccurate report issued in the course of disciplinary proceedings brought against Cordero has resulted in adverse determinations with respect to his inmate classification and security level.

The material procedural history of this case from the filing of the complaint up to November 8, 2004, is set forth in our order issued on that date.

On April 27, 2005, United States Magistrate Judge Malachy E.

Mannion issued a report recommending that the Defendants' motion for summary judgment be granted because Cordero has failed to substantiate his claim that the Bureau of Prisons has made any decision adverse to Cordero based on the allegedly inaccurate information.

On May 9, 2005, Cordero filed objections to that Report and Recommendation.  Cordero argues in his objections that he has submitted sufficient evidence demonstrating that such an adverse decision has been made.  Although Cordero did not file a separate brief in support of his objections, on May 18, 2005, the Defendants filed a brief in opposition to Cordero's objections. The time allowed for Cordero to file a reply brief expired on June 6, 2005, and to this date no such brief has been filed. Cordero's objections to the Magistrate Judge's Report and Recommendation are ripe for disposition.

When objections are filed to a report of a Magistrate Judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. United States v. Raddatz, 447 U.S. 667 (1980); 28 U.S.C. §636(b)(1); M.D. Pa. Local Rule 72.31.  Furthermore, district judges have wide discretion as to how they treat recommendations of the Magistrate Judge. Id.  In providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit

whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a Magistrate Judge's proposed findings and recommendations. Id.  *See also* Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).  We will review *de novo* the Magistrate Judge's conclusion that the Defendants' motion for summary judgment should be granted.

Summary judgment is appropriate only when there is no genuine issue of material fact which is unresolved and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).  Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them. Peterson vs. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982).  "When a motion for summary judgment is made and supported as provided in ...[Rule 56], an adverse party may not rest upon mere allegations or denials of the adverse party's pleading...."  Fed.R.Civ.P. 56(e).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact. Celotex Corporation vs. Catrett, 477 U.S. 317, 323 (1986).  This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at

3

trial. Id. at 325.

Rule 56 provides that where such a motion for summary judgment is made and properly supported the adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).  The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of his or her case that a reasonable jury could find in its favor. Celotex Corporation vs. Catrett, 477 U.S. 317, 322-23 (1986).

When addressing a motion for such a judgment, our inquiry focuses on "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson vs. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986) (emphasis added).

As summarized by the Advisory Committee On Civil Rules, "[t]he very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed. R. Civ. P. 56 advisory committee note to 1963 Amendment.

The claims Cordero asserts in his complaint have been brought pursuant to the Privacy Act, 5 U.S.C. § 552a.  In order

4

to succeed in a civil action authorized by that statute, a plaintiff is required to show that "a determination is made which is adverse to the individual" based on the inaccurate record at issue. 5 U.S.C. § 552a(g)(1)(C). The fundamental issue to be resolved in ruling on Cordero's objections is whether he has submitted sufficient evidence for a reasonable trier of fact to conclude that he has suffered some adverse decision as a result of the information in the Bureau of Prisons' records which is allegedly inaccurate.

Cordero was sentenced on January 31, 1997, in a federal court to 156 months' imprisonment for conspiracy to commit murder and conspiracy to commit assault. On September 4, 1997, the Bureau of Prisons assigned Cordero a high security level classification, which resulted in his placement at a high security institution.

On October 21, 1998, an inmate assaulted another inmate at the Federal Correctional Institution at Allenwood. Cordero was charged in a disciplinary proceeding with being involved in the assault and a hearing in the matter was held on March 24, 1999. The Disciplinary Hearing Officer concluded that Cordero had participated in the assault. Cordero alleges that some of the records generated in the course of those proceedings are inaccurate.

The only adverse consequences Cordero cites in this case as

resulting from the alleged inaccuracies relate to the classification and security level assigned to him by the Bureau of Prisons.  He contends that inaccurate information contained in the Disciplinary Hearing Officer's report have led to a more severe classification which has in turn limited his privileges while incarcerated.

> The government disputes Cordero's contentions, arguing that
>
> Cordero's security classification within [the Bureau of Prisons] has not been effected [sic] by the disputed information in the [Disciplinary Hearing Officer's] Report.  Because of the nature of his convictions and his history, Cordero's BOP security classification was "high" at the time he entered the system.  As a result of Cordero's custody classification level scoring, he was designated to serve his sentence in a high security institution.  Accordingly, Cordero's security classification remains "high."  Thus, there has been no change to Cordero's security classification as a result of the information contained in the [Disciplinary Hearing Officer's] Report.  Again, even if the other inmate had never been assaulted, Cordero's security classification would still be "high."

(Brief in support of motion for summary judgment, p. 16).  The evidence of record supports those assertions and Cordero has not presented any evidence to place those material facts in dispute.  Cordero's reliance upon unsupported allegations is not sufficient to avoid the entry of summary judgment. *See* Fed.R.Civ.P. 56(e).

No reasonable trier of fact could conclude, based on the evidentiary record presented to us, that Cordero has suffered any adverse decision as a result of the Disciplinary Hearing Officer's report referenced in Cordero's complaint.  For that reason we will grant the Defendants' motion for summary judgment.

6

NOW, THEREFORE, IT ORDERED THAT:

1. Cordero's objections to Magistrate Judge Mannion's Report and Recommendation filed on April 27, 2005, are overruled.

2. Magistrate Judge Mannion's Report and Recommendation filed on April 27, 2005, is adopted *in toto*.

3. The Defendant's motion for summary judgment (Document 69) is granted.

4. The Clerk of Court shall close this file.

5. Any appeal of this order shall be deemed frivolous, without probable cause, and not taken in good faith.

s/Malcolm Muir<br>MUIR, U.S. District Judge

MM:ga